Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff,
Cristian Pineda

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN PINEDA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> DLC LABORATORIES, INC. and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **CLASS ACTION** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> **JURY DEMAND** |

Plaintiff Cristian Pineda (hereinafter "Plaintiff"), hereby submits this Class Action Complaint against Defendant DLC LABORATORIES, INC., and other as yet unknown entities (hereinafter collectively referred to as "Defendants" or "DLC") on behalf of himself and a class of all other similarly situated potential, current and former employees of DLC for penalties and damages for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*., ("FCRA") for Defendants' willful, intentional and purposeful disregard of the FCRA's disclosure and liability waiver requirements. In addition, Plaintiff brings this case on behalf of current and former employees of DLC for penalties and damages for Defendant's failure to keep accurate records and failure

to comply with statutorily compliant meal breaks under the California Labor Code, and for restitution and injunctive relief as follows:

## INTRODUCTION

1. Plaintiff brings this Class Action against Defendants, and each of them, pursuant to the Federal Rules of Civil Procedure 23. Plaintiff brings this action on behalf of himself and for the benefit of all other persons who applied for employment or who were actually employed directly by Defendants, and each of them. All allegations in this Class Action Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel. Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this wage and hour Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2. On information and belief, for at least four years prior to the filing of this action and through to the present, Defendants jointly employed and/or processed applications of Plaintiff and the putative class members in Los Angeles County, and other counties in the State of California, and maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of herein. Plaintiff seeks relief on behalf of himself, and the members of the Plaintiff Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the FCRA, the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to provide Plaintiff and members of the Class and Subclasses accurate wage statements. Said employment policies, practices and procedures are generally described as follows:

  a. Defendants failed to provide to their applicants proper liability waivers and disclosures pursuant to the FCRA by providing them in the same form and at the same time;

  b. Defendants failed to provide statutorily compliant meal breaks to their non-exempt employees, including Plaintiff and the class members, in violation of, inter alia, Labor Code §512 and Wage Order 1;

  c. Defendants failed to issue accurate itemized wage statements to their non-exempt employees, including Plaintiff and the class members, in violation of, inter alia, Labor Code §226, §246, and Wage Order 1;

  d. Defendants failed to pay their non-exempt employees, including Plaintiff and class members, all wages due and owing at termination, in violation of, inter alia, Labor Code §203 and Wage Order 1.

3. Plaintiff also alleges that Defendants, and each of them, had the clear ability to provide accurate disclosures and liability waivers, provide accurate wage statements and pay accurate wages to the Plaintiff and members of the Class, but intentionally failed to do so, in conscious disregard of the rights of Plaintiff and the members of the Class.

4. This action seeks relief for the un-remediated violations of California law including, inter alia:

  a. Damages and/or penalties for Plaintiff and Class Members who were not issued proper disclosures and liability waivers in conformity with California law

  b. Damages and/or penalties for Plaintiff and Class Members who were not provided statutorily compliant meal periods in conformity with California law

  c. Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law.

      d.    Implementation of other equitable and injunctive relief, including, inter alia, an injunction prohibiting Defendants, and each of them, from continuing to:

          i.    fail to issue proper disclosure and liability waivers in accordance with the Fair Credit Reporting Act;

          ii.    fail to provide statutorily compliant meal breaks in accordance with the Labor Code and Wage Order 1;

          iii.    fail to issue accurate itemized wage statements in accordance with the Labor Code and Wage Order 1; and,

          iv.    fail to provide all wages due and owing in at termination in accordance with the Labor Code and Wage Order 1.

      e.    Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

5. The claims herein are brought by Plaintiff on his own behalf and on behalf of the Class which is defined as individuals who are currently or have been employed in California by defendants as non-exempt employees during the Class Period (which commences four years prior to the filing of this action and continues until judgment is rendered herein), and whose working conditions are not controlled by a collective bargaining agreement.

6. "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

///

///

///

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff and Class members' claims under 28 U.S.C. §1331 and §1367 because a substantial portion of the claims arise under federal law, specifically 15 U.S.C. 1681 *et seq.*, and all others claims arise under the same transaction and occurrence as the federal claims.

8. This Court also has original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

9. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and the class are citizens throughout various States across the United States.

10. Venue as to all Defendants is proper in this County pursuant to Code of Civil Procedure section 395(a). Plaintiff is informed and believes, and thereon alleges that DLC conducts business, employs Class members, and has locations in Los Angeles County and within this jurisdictional district, and the events complained of occurred in this County.

## THE PARTIES

11. Plaintiff Cristian Pineda has been employed by Defendants as a Non-Exempt Hourly Worker during the Class Period, including within the last year. Plaintiff is a resident of the County of Los Angeles, California. Plaintiff is a member of the Class and is a "consumer" as defined by 15 U.S.C. §1681a.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant DLC LABORATORIES, INC. was and/or is a

corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California. Defendants were at all relevant times doing business throughout the State of California, have various offices and locations in the State, and serve numerous customers throughout the State. DLC also regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA. At all relevant times, DEFENDANT was a "person" as that term is defined by 15 U.S.C. §1681a(b) and DLC is a "person" as defined in Labor Code section 18. DLC is also an "employer" as that term is used in the Labor Code and the IWC wage orders.

13. The identities of Defendants designated as DOES 1-50 are currently not known. However, Plaintiff is informed, and believes, and thereon alleges that each of the named and fictitiously named defendants is an "employer" of Plaintiff and the Class by legal recognition under such principles as "joint enterprise", "alter ego", "co-employer" or some other legally recognized principle. Each of the defendants, whether specifically named and fictitiously names, exercises sufficient control over the terms of employment to be legally recognized as an "employer" of Plaintiff and the Class for purposes of California's wage and hour laws and regulations.

14. Defendants directly, and indirectly, hired Plaintiff in Los Angeles County. During all times relevant to this litigation, Plaintiff performed work at various times during the Class Period at agreed upon hourly rates that varied over his period of employment.

## FACTUAL ALLEGATIONS

15. Defendants' policies, procedures and practices is to provide Plaintiff and members of the putative class notice that Defendants will pull their potential employees' credit reports at the same time and in the same document that Defendants require that Plaintiff and members of the class waive their rights to pursue legal action against Defendants for these actions.

16. Specifically, during the employment application process, Plaintiff and members of the class are required to authorize Defendants to provide a background check. During this process, prospective employees are required to sign on a document containing the following language:

> I hereby authorize the Company to investigate my record with my former employers, personal references and creditors and to obtain a consumer report, as defined under Section 603(d) of the Fair Credit Reporting Act; Also I release the Company and all informants from all liability whatsoever resulting from such an investigation. I understand that should employment be denied on the basis of the information contained in a consumer report obtained by a consumer reporting agency, the company will supply the name and address of the consumer reporting agency.

17. Plaintiff alleges this background check liability release is unlawful, pursuant to the standards described by the Ninth Circuit in the recent case of *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir., 2017).

18. During Plaintiff's employment with Defendants, Plaintiff would routinely work shifts in excess of five hours without being completely relieved of duty for at least thirty minutes for a meal period reasonably calculated to be halfway between his shift.

19. Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendant has engaged in the same or similar acts or omissions toward other non-exempt employees. As a result, Pacific Auto Wash has violated the rights of Plaintiff and other employees under Labor Code §§ 512 and 1198, and Section 7 of the Wage Order.

20. Defendants further fail to provide members of the Class with accurate wage statements reflecting the wages and penalties to which they are entitled, and which further do not permit members of the Class to readily determine if the wages they receive are accurate and complete.

21. Because Defendants fail to pay members of the Class additional wages for missed meal breaks, Defendants fail to pay all earned wages at the time members of the Subclass ended their employment relationship with Defendants.

22. Defendants' unlawful conduct has been widespread, repeated and willful throughout its facilities in California. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

23. Defendants' unlawful conduct has been widespread, repeated and willful throughout its facilities in California. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to The Federal Rules of Civil Procedure 23, on behalf of the following defined Class and Subclasses:

> Class: All individuals in the United States who have applied to work with Defendant during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.

> California Subclass 1: All individuals who are currently or have been employed in California by defendants as non-exempt employees during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.

> California Subclass 2: All individuals who are been but are no longer employed in California by defendants as non-exempt employees during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.

25. As used throughout this Complaint, the term "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

26. <u>Numerosity</u>: Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members. As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

27. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

    a. Whether Defendants required Plaintiff and members of the Class to enter into unlawful background check liability releases in violation of the FCRA;

    b. Whether Defendants failed to provide Plaintiff and members of the California Class with proper meal breaks, in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

    c. Whether Defendants' failed to provide Plaintiff and members of the California Class with accurate wage statements in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

    d. Whether Defendants' failed to provide Plaintiff and members of the California Class with all wages due at termination in violation of Labor Code section 203, and applicable Industrial Welfare Commission Orders, and applicable State Regulations; and

      e.      Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief.

28. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' policies and/or practices set forth above.

29. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

30. <u>Superiority</u>: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.  In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

31. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
*Plaintiff Individually and on Behalf of the Class Against Defendants*

32. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

33. 15 U.S.C. §1681b(b)(2)(A), states in relevant part:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) A clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

34. By engaging in the conduct described above, Defendants have violated this provision of the Fair Credit Reporting Act.

35. To the extent that Defendants actions constitute a violation of the Fair Credit Reporting Act, such actions were knowing, willfully, purposefully, and intentionally.

## SECOND CAUSE OF ACTION

MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 9)
*Plaintiff Individually and on Behalf of SubClass 1 Against Defendants*

36. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37. Defendants violated the applicable statues, as well as Wage Order 1. Wage Order 1 provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code* § 512 contains parallel language.

38. Plaintiff alleges that he and members of the proposed class were not relieved of all duty for an entire 30 minutes halfway during their breaks, due to policies and practices required by their employers.

39. *Labor Code* § 226.7 requires that Defendants provide Plaintiffs and each class member all meal periods specified in the applicable Wage Order and that Plaintiff and each class member was to be paid one additional hour of pay per day at his/her regular rate of compensation as additional wages for meal periods that were not properly provided.

40. Plaintiff and each class member have suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required meal periods and have therefore not been paid all of the wages due. Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
(Labor Code §§226.(a), 246, 248.5, and Wage Order 1)
*Plaintiff Individually and on Behalf of SubClass 1 Against Defendants*

41. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

42. At all times relevant, each Defendants violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements, because the statements failed to accurately report one or more of the following:

    a. all employers' names and addresses;
    b. total hours worked;
    c. applicable rates of pay;
    d. the number of piece rate units;
    e. the applicable piece rate;
    f. the rate of pay and total hours for each assignment; and,

g. gross and net wages earned.

43. Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and reasonable attorney's fees.

44. Defendants failed to accurately record the wages due to Plaintiffs and members of the proposed class, specifically including, but not limited to, by failing to record premium wages for Defendants' failure to provide proper rest and meal breaks.

45. Plaintiffs and members of the Plaintiff Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefore.

46. Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## SEVENTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiffs Individually and on Behalf of Subclass 2 Against Defendants*

47. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48. *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203

provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

49. Plaintiff and the class members are entitled to compensation for all wages earned, including without limitation, premium wages for meal periods not provided, but to date have not received such compensation.

50. More than 30 days have passed since Plaintiff and Subclass members terminated from their employment with Defendants. Defendants have not paid Plaintiffs and each Subclass member whose employment has ended all wages owed. As a consequence of Defendants' willful conduct in not paying Plaintiff and each Subclass member all earned wages at the time their employment with Defendants ended, Plaintiff and each Subclass member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## ATTORNEY'S FEES AND COSTS

51. Plaintiff is entitled to fees and costs, pursuant to the FCRA and California law, including, without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

a) An order that the action be certified as a class action;
b) An order that Plaintiff be appointed class representatives;
c) An order that counsel for Plaintiff be appointed class counsel;
d) For nominal damages;
e) For compensatory damages;

f) For restitution of all monies due to Plaintiff and members of the Class, and disgorged profits from the unlawful business practice of Defendants;

g) For penalties pursuant to Labor Code 226, 226.3, 246, 246.5, 248.5, 558, 2810.5, and 2699(f)(2);

h) For interest accrued to date;

i) For statutory damages;

j) For actual damages;

k) For punitive damages;

l) For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

m) For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194; and,

n) For all such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury for himself and all Class members on all claims so triable.

Dated: November 4, 2017         By: s/ Todd M. Friemdan

Law Offices of Todd M. Friedman, P.C.
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiffs and the
Proposed Class